IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO.74129






KENNETH VODOCHODSKY, Appellant


v.


THE STATE OF TEXAS





ON DIRECT APPEAL

FROM COUNTY






Keller, P.J., filed a dissenting opinion..


O P I N I O N



 Two things are basically required to establish liability as a party under §7.02(a)(2): (1) intent to
promote or assist the offense and (2) an act that solicits, encourages, directs, aids, or attempts to aid in the
commission of the offense. (1) Both of these elements are shown in the present case. Appellant's culpable
intent was shown by his own admissions. According to Essary, on the night of Engleton's arrest, appellant
told Engleton not to do anything because "we don't have anything planned yet." Appellant admitted to his
girlfriend and to Essary that he knew, before the events, that Engleton was going to commit suicide and kill
police officers. His girlfriend's testimony further shows that appellant saw Engleton's guns laid out in
preparation for this event. Essary's testimony indicates that appellant also knew that Engleton had cut the
fence. Essary also testified that appellant said he bailed Engleton out of jail "to do this" and that appellant
sounded proud when he said it. When challenged by defense counsel on whether appellant could have
been in shock when he made that statement, Essary maintained that appellant said it proudly. 

 Appellant's admissions and circumstantial evidence indicate that appellant performed acts that
encouraged or aided the commission of the crime. Essary testified that appellant "Said they went to the
gun store and bought $200 worth of the best ammo." That testimony indicates that appellant was a
participant in buying the ammunition even if that participation was not apparent to the proprietor of the
store. That appellant participated in buying the ammunition is also supported by a handwritten note
retrieved by the jail librarian from a book appellant had checked out and later turned in. This note
contained numbers that added up to $2000, including $200 for bond and $200 for bullets. The evidence
also indicated that appellant was with Engleton for several hours. When talking about that time to Ranger
Antonio Leal, appellant became nervous and asked for a cigarrette. He told Leal that he and Engleton
watched "Saving Private Ryan," starting at 5:30, but Leal thought that was unlikely because the movie was
three hours long. From appellant's admitted knowledge of Engleton's activities and his attempts to cover
up his own involvement, the jury could have rationally inferred that appellant participated in helping Engleton
set up the scene for the subsequent confrontation. 

 Moreover, there is circumstantial evidence that appellant was still at the scene when deputies Monse
and Stephenson were killed. Appellant told Essary that Engleton made a mistake in taking Deputy Monse's
gun - a fact that, two days after the offense - did not appear to be widely publicized. Moreover, at least
one officer testified that it takes approximately twenty-three minutes to drive from Engleton's residence to
Anthony Vodochodsky's residence. There was evidence that appellant arrived at Anthony's residence at
approximately 9:00 p.m. Since the deputies arrived at 8:28 and 8:30, and their murders occurred shortly
after that, appellant could have observed or even participated in those events. At about that time, a
passerby saw on the roof, a shining flashlight which could have been carried by appellant. Because Trooper
Miller did not arrive until 8:51, there could have been as much as twenty minutes after the deputies' deaths
before appellant left the scene of the crime.

 I believe the evidence was legally and factually sufficient to support the conviction. I respectfully
dissent.

 KELLER, Presiding Judge

Date filed: April 21, 2004

Publish
1. "A person is criminally responsible for an offense committed by the conduct of another if . . .
acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs,
aids, or attempts to aid the other person to commit the offense."